UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DONALD P. HOLLAND | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-82 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Donald P. Holland has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Holland was born in 1964 and was 39 years old at the time of his administrative hearing. [Tr. 374]. He completed eleventh grade and has relevant past work experience as a plumber, doffer, brick mason, welder, and dump truck driver. [Tr. 15, 374]. Mr. Holland alleges he is disabled as of January 1, 1999, from hip and back pain, arthritis, acid reflux, and depression. [Tr. 15]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Holland was not disabled as defined by the Social Security Act. [Tr.

16].

At Mr. Holland's administrative hearing held on June 14, 2004, the testimony of Mr. Holland and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 373-90]. Mr. Holland testified he last worked in 1998 as a plumber. [Tr. 374]. He indicated his most pressing medical problem was pain in his right hip. [Tr. 376]. He also has pain in the lower portion of his back. [Tr. 377]. Mr. Holland testified he had depression and trouble concentrating, sleeping, and being with other people. [Tr. 381-82]. He drinks a few beers a day to "help relieve . . . stress." [Tr. 384].

Vocational expert Dr. Robert Spangler testified next that Ms. Holland's past relevant work as a dump truck driver was medium and semi-skilled; his work as a plumber was medium and heavy skilled; his work as a brick mason was also medium and heavy skilled; his work as a welder was medium and semi-skilled; and, his work as a doffer was medium and unskilled. [Tr. 386]. The ALJ then asked him to assume a man of Mr. Holland's age, education, and work background who was restricted to light work with additional non-significant limitations on his abilities to understand and remember, sustain concentration and persistence, interact socially, and adapt in a work setting. [Tr. 327]. In addition, his work must allow him to alternate between sitting and standing positions. [*Id.*]. The vocational expert indicated there were about 19,000

2

jobs in this region for such a person, including interviewers, janitors, housemen, factory messengers, production machine tenders, kitchen workers, food preparers, pan packers and assemblers, production coordinators, and non-construction laborers. [Tr. 378-88].

The ALJ ruled that Mr. Holland was not disabled because his severe impairments of degenerative disc disease, osteoarthritis, and a history of alcohol and cannabis abuse were not severe enough for a finding of disability. [Tr. 16]. The ALJ then found he retained the residual functional capacity [RFC] to perform light work that allowed him to alternate between sitting and standing. [Tr. 22]. Although he could not perform his past relevant work, the ALJ did find that Mr. Holland could perform work as an interviewer, janitor, houseman, factory messenger, machine tender, food preparer/kitchen worker, hand packager, assembler, and sorter. [Tr. 25].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

3

Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Holland requests a judgment on the pleadings and challenges the ALJ's finding that he could perform light work. Pursuant to 20 C.F.R. § 404.1567 (b), light work involves lifting no more than 20 pounds at a time with the frequent lifting of objects that weigh up to 10 pounds. The ALJ, however, did not leave his RFC finding at simply light work. He also stated that Mr. Holland must be employed in a job that allowed him frequent postural changes from sitting to standing. [Tr. 22]. This RFC, contrary to Mr. Holland's assertions, is supported by three physicians.

In October 2001, state agency physician Dr. Robin Richard stated that Mr. Holland could lift up to 50 pounds occasionally and up to 25 pounds frequently. [Tr. 222]. That opinion is certainly beyond the range of light work. In May 2002, Dr. Marianne Filka opined that Mr. Holland, because of his chronic back pain, was limited to lifting no more than 15 to 20 pounds. [Tr. 298]. Again, Dr. Filka's opinion was within the range of light work. Finally, in July 2003, Karl Konrad, Ph.D., M.D., found that Mr. Holland could occasionally lift up to 30 pounds, well past the range for light work. [Tr. 323]. Based upon the three physician opinions stated above, the ALJ's finding that Mr. Holland could perform light work that allowed for frequent

4

postural changes was made with substantial evidence.

Mr. Holland also contends the ALJ failed to properly evaluate his mental impairments. According to the ALJ, Mr. Holland did not have a severe mental problem, and his symptoms did not result in greater than mild restrictions in his activities of daily living, difficulties in maintaining social functioning, or difficulties in maintaining concentration, persistence, or pace. [Tr. 23]. Again, the ALJ's findings were supported by three different mental health professionals.

In November 2001, Diane Whitehead, Ph.D., examined Mr. Holland and determined that he did not have any limitations in his abilities to understand and remember, sustain concentration and persistence, act appropriately in social situations, and interact appropriately with other people. [Tr. 261]. The only mental health diagnosis she made of Mr. Holland was alcohol dependence. [Tr. 262]. Steven Lawhon, Psy.D., evaluated Mr. Holland in July 2003 and stated that he had no mental health impairment limitations. [Tr. 327]. Specifically, his abilities to understand and remember, sustain concentration and persistence, interact socially, and adapt in a work setting were not significantly limited. [*Id.*]. Finally, in September 2003, Edward Sachs, Ph.D., stated that Mr. Holland's mental impairment of depression was not severe. [Tr. 328, 340]. Based upon the three mental health professional opinions stated above, the ALJ's finding that Mr. Holland's mental impairments were not

5

severe was made with substantial evidence.

Lastly, Mr. Holland argues the ALJ failed to properly evaluate his subjective allegations. To quote from Mr. Holland's brief, "The Administrative Law Judge should have determined whether or not the established medical condition of the Plaintiff was of such severity that it could reasonably be expected to produce the allegedly disabling pain." The ALJ did exactly that when he wrote, "The record does not indicate that the claimant experiences an impairment of combination of impairments which would be expected to result in severe or disabling pain." [Tr. 23]. The ALJ then detailed the reasons for his statement. [*Id.*]. The ALJ properly evaluated Mr. Holland's subjective allegations.

After careful consideration of the entire record of proceedings related to this case, Mr. Holland's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

   ENTER:

             <u>s/Thomas Gray Hull</u>
             THOMAS GRAY HULL
              SENIOR U. S. DISTRICT JUDGE